1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARGARET BROOKS,                              No.  2:25-cv-3696 TLN AC

12                        Plaintiff,

13            v.                                     ORDER

14    HON. REGINA SCANNICHIO, et al.,

15                        Defendants.

16

17        Plaintiff, proceeding pro se, filed a complaint and motion to proceed in forma pauperis on

18    December 23, 2025.  ECF Nos. 1 & 2.  This matter is before the undersigned pursuant to Local

19    Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The allegations suggest that venue is improper in this

20    District, and that the court lacks personal jurisdiction over defendants.  For the following reasons,

21    the court orders plaintiff to show cause as to why this action should not be dismissed due to

22    improper venue and/or due to the absence of personal jurisdiction.

23        Although plaintiff asks that her county of residence remain private in the complaint,

24    filings in contemporaneous actions list her hometown as Monterey, California.  See ECF No. 1 at

25    1, 7; Brooks v. United States et al., Case No. 2:25-cv-03693-DC-SCR (E.D. Cal. Dec. 23, 2025),

26    ECF No. 1 at 1.  Plaintiff names as Defendants multiple individuals located in Illinois, including a

27    judge for the Illinois Circuit Court of Cook County, and one defendant whose location is

28    unknown.  Id. at 2.  Plaintiff then lists multiple states of residence, including California, Illinois,

                                                    1

1 and Wisconsin, for the remaining two defendants.  Id.

2      The complaint alleges that in March 2017, plaintiff filed a petition to force her ex-

3 husband, defendant William Duffy, to continue paying "maintenance[.]"  Id. at 7.  During the

4 adjudication of this petition, Duffy paid an accomplice to lie about plaintiff under oath by giving

5 him a free condominium.  Id.  Defendant Hon. Regina Scannichio, in her capacity as an appellate

6 judge in Illinois, dismissed the petition, allegedly ignoring all facts and evidence favoring it.  Id.

7 The complaint categorizes this as an act of judicial corruption that caused irreparable harm to

8 plaintiff and her daughters, including emotional trauma, illegal isolation, and deprivation of a

9 home for sixteen years.  Id. at 4, 7.  Plaintiff seeks $76 million in damages.  Id. at 4.

10      Separately, the complaint accuses Tesla of cyberstalking based on plaintiff's search on her

11 iPhone for a nearby Wal-Mart on December 6, 2025.  Id. at 6.  Despite plaintiff being in Santa

12 Cruz, California at the time, the search yielded results from Texas.  Id.

13      The federal venue statute provides that a civil action "may be brought in (1) a judicial

14 district in which any defendant resides, if all defendants are residents of the State in which the

15 district is located; (2) a judicial district in which a substantial part of the events or omissions

16 giving rise to the claim occurred, or a substantial part of property that is the subject of the action

17 is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

18 this section, any judicial district in which any defendant is subject to the court's personal

19 jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

20      Personal jurisdiction, in turn, requires that a nonresident defendant "have at least

21 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend

22 traditional notions of fair play and substantial justice'."  Schwarzenegger v. Fred Martin Motor

23 Co., 374 F.3d 797, 801 (9th Cir. 2004) (internal citation omitted).  Personal jurisdiction can be

24 general or specific.  For general jurisdiction to exist over a nonresident defendant, the defendant

25 must engage in continuous and systematic general business contacts that "approximate physical

26 presence" in the forum state.  Id.  Alternatively, for a court to have personal jurisdiction over a

27 defendant's specific conduct:

28 ////

2

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
(2) The claim must be one which arises out of or relates to the defendant's forum related activities; and
(3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id. at 802.

Although the complaint is unclear as to where some defendants live, it clearly identifies others as Illinois residents. ECF No 1 at 2. The complaint also fails to allege that any of the events underlying the claim transpired in this district. The complaint's nonconclusory allegations concern the denial of a petition in Illinois and the search for a Wal-Mart store while in Santa Cruz, which is located in the Northern District of California. Id. at 6-7. Venue accordingly appears to be lacking in the Eastern District of California. Moreover, the absence of allegations of defendants' conduct in California, aside from Plaintiff's maps search on her own phone, seemingly leaves this Court without general or specific personal jurisdiction.

In accordance with the above, Plaintiff is hereby **ORDERED TO SHOW CAUSE**, within 21 days of this order, as to why this action should not be dismissed due to improper venue and/or the absence of personal jurisdiction.

DATED: January 7, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3