UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>HON. REGINA SCANNICHIO, et al.,<br><br>Defendants. | No.  2:25-cv-3696 TLN AC<br><br><br>FINDING & RECOMMENDATIONS |

Plaintiff is proceeding pro se, and this matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On January 8, 2026, plaintiff was ordered to show cause why this action should not be dismissed due to improper venue and/or the absence of personal jurisdiction.  ECF No. 3 at 3.  Plaintiff responded on January 26, 2026.  ECF No. 4.  For the reasons that follow, the undersigned recommends that the case be dismissed.

I.      The Complaint

Although the complaint omits plaintiff's residential address and asks that this information be "blocked," ECF No. 1 at 1, the docket in this case and plaintiff's complaints in related cases reflect that she is a resident of Monterey, California.  See, e.g., ECF No. 1 in Margaret Brooks v. Hon. Regina Scannichio, et al., Case No. 25-cv-3280 TLN AC.  The defendants are a judge and lawyer(s) from Chicago, an individual with no known address, and two people (including, the court infers, plaintiff's ex-husband) who are identified as living together in Evanston, Illinois;

1

Presque Isle, Wisconsin; and/or "Tahoe and Truckee, CA." ECF No. 1 at 2. No residential addresses are provided for these defendants. Id.

The complaint appears to allege that defendant William Duffy failed to abide by a maintenance agreement that was part of a divorce proceeding over which defendant Scannichio corruptly presided. Plaintiff blames Duffy for driving herself and her children into homelessness. She further alleges that she has been the victim of "Tesla cyber-stalking." Id. at 3-7.

II.    Venue

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Venue is plainly not proper here. None of the named defendants have been shown to reside in the Eastern District of California. Although the complaint lists "Tahoe and Truckee, CA" among the several alternative locations for William and Mary Lorimer Duffy, ECF No. 1 at 2, neither the complaint nor plaintiff's response to the OSC provide an actual address or any factual basis for a conclusion that this is defendants' State or district of residence. Even if the Duffy defendants did live in this district, other defendants live in Illinois. Accordingly, venue cannot be predicated on the residence of the defendants.

None of the events giving rise to plaintiff's claims occurred within the Eastern District of California. The divorce and related legal obligations that underlie plaintiff's claims occurred in Illinois. There is a single unexplained reference to Santa Cruz, California (which, in any event, is not in this district), in relation to the cyber-stalking allegations. ECF No. 1 at 6. The complaint alleges no acts or omissions which occurred in this district.

In response to the Order to Show Cause, plaintiff asserts that a civil case she filed in a different federal judicial district has been obstructed. ECF No. 4 at 2. This allegation does not

2

affect the propriety of venue in the Eastern District of California, however.  In any event, venue under the third prong of the statute requires that a defendant be subject to the court's personal jurisdiction.  28 U.S.C. § 1391(b)(3).  The court now turns to that issue.

III.    Personal Jurisdiction

Personal jurisdiction requires that a nonresident defendant "have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice'."  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (internal citation omitted).  Personal jurisdiction can be general or specific.  For general jurisdiction to exist over a nonresident defendant, the defendant must engage in continuous and systematic general business contacts that "approximate physical presence" in the forum state.  Id.  Alternatively, for a court to have personal jurisdiction over a defendant's specific conduct:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be one which arises out of or relates to the defendant's forum related activities; and
>
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id. at 802.

There is no basis for general jurisdiction over any defendant, as none of them are alleged to engage in continuous and systematic business in California.  There is no basis for specific personal jurisdiction because none of defendants' conduct at issue had any relationship whatsoever to the Eastern District of California.  Accordingly, it would be entirely inconsistent with fair play and substantial justice for this court to assert jurisdiction over the defendants.

IV.    Conclusion

In accordance with the above, **IT IS HEREBY RECOMMENDED THAT** this action be dismissed without prejudice for improper venue and lack of personal jurisdiction.

These findings and recommendations are submitted to the United States District Judge

3

assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: February 2, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4